UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:09-CV-245-KSF

PAUL A. STAPLETON                                                                    PLAINTIFF

VS:                                **MEMORANDUM OPINION AND ORDER**

HARVEY PELFRY, et al.                                                           DEFENDANTS

*** *** *** ***

Paul A. Stapleton, an individual currently incarcerated in the Three Forks Regional Jail, in Beattyville, Kentucky, has submitted a prisoner *pro se* civil rights action under 42 U.S.C. § 1983, and a Motion to Proceed in this case *in forma pauperis*. The Motion will be granted by separate Order.

The Complaint is now before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). As Plaintiff is appearing *pro se*, his Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Plaintiff's allegations are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court may dismiss a case at any time if it determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2); 1915A(b).

## CLAIMS

Stapleton complains of the conditions in which he is incarcerated at the Three Forks Regional

Jail ["TFRJ" hereafter].

## DEFENDANTS

As the Defendants, Plaintiff has named the TFRJ's Administrator, Harvey Pelfry; Major

Kieth Combs; Captain Alex Neley; and the Class D Coordinator, John Hollon.

## RELIEF SOUGHT

Plaintiff asks the Court to "make this institution follow the Code of Federal Regulations."

## FACTUAL ALLEGATIONS

Stapleton has submitted a partially completed Complaint form on which he has handwritten

the following list of allegations:

(1)     This is a class "D" facility there is no law library.
(2)     There is not recreation for one hour per day.
(3)     This institution denys [sic] the right to free speech, guaranteed by the
constitution.
(4)     The administration absolutly [sic] will not answer any administrative remidys
[sic] at all.
(5)     Prisoner are sleeping on the floors with vermin.
(6)     This institution denys access to the courts.
(7)     This institution denys hygiene items to the indigent.
(8)     Medical, there is only medical treatment for 5 days per week 7 hours per day.

Record No. 2 at 2-3.  The only additional information is that these conditions purportedly existed

from November of 2008 to July of 2009, when he filed the instant action.  And the TFRJ officials

allegedly will not respond to any of the grievances which he has filed.

2

**JUDICIAL NOTICE**

The Court takes judicial notice of this prisoner's litigation history in this Court.  In 2000, Stapleton was at the TFRJ when he filed a civil action pursuant to 42 U.S.C. § 1983, *Stapleton v. Buckler, et al*, 00-CV-189-WOB.  He was granted permission to proceed *in forma pauperis*, but upon screening, the Complaint was dismissed *sua sponte*.  The following year, still at TFGJ, Plaintiff filed a Petition for Writ of Habeas Corpus and paid the $5.00 habeas filing fee, initiating *Stapleton v. Herrera*, 01-CV-053-WOB.  However, that proceeding, too, was summarily dismissed.

More recently, Stapleton has filed three more civil actions pursuant to Section 1983 in this Court.  Each time, including the instant case, the Plaintiff complained of conditions at the TFRJ and was granted permission to proceeded *in forma pauperis*.  *Stapleton v. Noe*, 05-CV-295-JBC, was dismissed *sua sponte* for the Plaintiff's failure to prosecute, *i.e.*, respond to the Court's deficiency order.  In the next case, *Stapleton v. Wilson*, 07-CV-218-KSF, summons issued but the case was later dismissed on the merits, the Plaintiff having failed to present conditions amounting to a constitutional claim.  We now come to the instant proceeding.

**DISCUSSION**

In this case, the Plaintiff has added to the list of conditions-of-confinement complaints which he started in his 2007 case, but he has not added facts to support either the previous claims or the newly added claims.  After scrutiny of the eight sentences comprising the Complaint, the Court again finds that he has failed state a Constitutional claim upon which the Court may grant relief.

All eight sentences are short, declarative sentences describing conditions.  There is no allegation of what any of the four named Defendants did or failed to do such that they would be named in this lawsuit.  A Section 1983 Plaintiff cannot recover on a *respondeat superior* theory of

3

liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981); *Williams*, 837 F.2d at 308; *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984). In order to find administrative personnel liable, the Plaintiffs must allege that the supervisor condoned, encouraged or participated in the alleged misconduct. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989). Merely listing the alleged conditions of his confinement and listing persons working at the penal facility, as herein, is not permitted. Therefore, all named Defendants are entitled to dismissal from this lawsuit.

The lack of facts also renders the Plaintiff's pleading deficient in other ways. He fails to allege that he was injured. A plaintiff is without standing to assert claims if, as herein, he failed to establish that he suffered a personal injury in fact as a result of the complained-of conditions:

> Article III of the United States Constitution provides that parties attempting to invoke federal jurisdiction must allege an actual case or controversy. *O'Shea v. Littleton*, 414 U.S. 488, 493-94 (1974); *Flast v. Cohen*, 392 U.S. 83, 94-101 (1968). Thus, it is a threshold requirement that a plaintiff allege she has "sustained or is immediately in danger of sustaining some direct injury as a result of its enforcement and not merely that [s]he suffers in some indefinite way in common with people generally." *Massachusetts v. Mellon*, 262 U.S. 447, 448 (1923).

*Miyazawa v. City of Cincinnati*, 45 F.3d 126, 127 (6th Cir. 1995).

If the injury is not actual, but imminent, the plaintiff cannot simply allege possible injury at some indefinite, future time. *Brunet v. City of Columbus*, 1 F.3d 390, 396 (6th Cir. 1993) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)), *cert. denied*, 114 S. Ct. 1190 (1994)). The Supreme Court has made clear that the injury must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).

4

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted*).*  Although this Court has long recognized that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1979) (citation omitted); *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum standards).

Despite liberal construction of *pro se* claims, the courts have still been unwilling to abrogate basic pleading essentials in such suits.  *See*, *e.g.*, *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unpled allegations), *cert. denied*, 464 U.S. 986 (1983); *McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979) (same).  Any Defendant is entitled to proper notice.  *Jarrell v. Tisch*, 656 F. Supp. 237 (D. D.C. 1987) (*pro se* plaintiffs should plead with requisite specificity so as to give defendants notice).

When a plaintiff/petitioner generally alleges that he has been deprived of rights, privileges or immunities secured by the federal Constitution and/or laws and/or amendments thereto, but the petitioner/plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient under § 1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

5

In short, the Plaintiff herein has failed to allege the factual basis of any of his claims, has failed to give notice of his claims to the very people whom he names as Defendants, and has, therefore, failed to state a claim upon which the Court may grant relief.  His Complaint will be dismissed for these reasons.

## WARNING

Because the instant cause of action will be *at least* the second civil proceeding which has been dismissed for failure to state a claim, the Court advises Plaintiff of another portion of the indigency statute, 28 U.S.C. § 1915, under which he is proceeding:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The instant prisoner-plaintiff has used two of his three permitted opportunities to bring a prisoner civil rights action without pre-payment of the district or appellate filing fee.  He is now on notice that he will have only one more opportunity to proceed *in forma pauperis* in a civil action or appeal.  After a third dismissal of a civil action or appeal brought *in forma pauperis*, for any of the reasons stated in Section 1915(g), he may not proceed with a civil case or appeal in federal courts *in forma pauperis*, unless he is under imminent danger of serious physical injury.  He is advised to weigh the importance of any third civil action or appeal before filing it *in forma pauperis*.

6

**CONCLUSION**

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

1.      Plaintiff Paul A. Stapleton is hereafter on **NOTICE** that upon the dismissal of one more civil action or appeal which is brought *in forma pauperis*, for any of the reasons set out in 28 U.S.C. § 1915(g), he may not thereafter proceed in any civil action or appeal *in forma pauperis*.

2.      Plaintiff Stapleton's instant action is **DISMISSED,** *sua sponte*, for his failure to state a claim upon which the Court may grant relief.

3.      Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Defendants.

This September 1, 2009.

Signed By:

*Karl S. Forester*   $KSF$

**United States Senior Judge**

7